# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 97-31298
Summary Calendar

———————

BARBARA DESDUNES,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF THE ARMY,
Togo G. West, Secretary of the Army,

Defendant-Appellee.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 96-3625-C

———————————————————————

September 25, 1998

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Barbara Desdunes, plaintiff in an employment discrimination lawsuit brought pursuant to 42

U.S.C. § 2000e (1994) ("Title VII"), appeals a grant of summary judgment in favor of the

Department of the Army ("the Department") under Federal Rule of Civil Procedure 56. The District

Court for the Eastern District of Louisiana found that Desdunes had failed to exhaust her

administrative remedies with respect to one of the elements of her complaint; even assuming that the

other claims were appropriately before the court, the judge below held that Desdunes had failed to

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

put forth any set of facts to establish a legal basis for her claims of race discrimination, retaliation, and hostile work environment.[1]

Desdunes argues that the district court should not have granted summary judgment on her Title VII claim, contending that the Equal Employment Opportunity Commission ("EEOC") erroneously dismissed her appeal because equitable principles entitled her to a tolling of the 45-day time limit after the alleged violation within which she was required to consult an EEOC counselor prior to filing a complaint. See 29 C.F.R. § 1614.105(a)(1) (1996). Desdunes also urges this court, in the most general of terms, that her failure to consult the counselor within the timeframe prescribed by statute is not fatal to her claims of Title VII violations since the alleged actions by her supervisor were part of a continuing spate of harassing activities based on Desdunes' race.

We exercise de novo review of the grant of a summary judgment. See Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment shall be entered in favor of the moving party if the record, taken as a whole, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Desdunes argues that the EEOC incorrectly decided that her charge was filed too late. We have previously held, however, that "[i]f an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 476-77 (5th Cir. 1991); see also Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976) (establishing that government employees can sue the government under Title VII only where they have first exhausted their administrative remedies); National Ass'n of Gov't Employees v. City Pub. Serv., 40 F.3d 698, 711 (5th Cir. 1994) ("[C]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies.").

---

[1] The District Court also held that Desdunes failed to state a claim under the Civil Service Reform Act, 5 U.S.C. §§ 7501 et seq. (1994), and consequently dismissed her Fifth Amendment claims pursuant to Fed. R. Civ. P. 12(b)(6).

As support for her claim that the EEOC acted arbitrarily and capriciously,[2] Desdunes asserts, in conclusory terms, that the question whether her complaint to the EEOC was timely should have been decided by a jury. As her inability to cite a single case holding that a statutory limitation on filing an action is anything other than a question of law proves, when the date of the filing of a complaint with the EEOC is undisputed (as is the case here), whether the suit may proceed in the face of that fact is purely a question of law. Desdunes' inapposite citation of a case from the Eighth Circuit, Oldham v. West, 47 F.3d 985 (8th Cir. 1995), stands only for the proposition that the district court should consider the administrative record, rather than simply rely on the EEOC's findings, when making a summary judgment decision. See id. at 989. Desdunes provides no evidence whatsoever that the District Court in this case did anything *other* than review the administrative record and reach its own conclusions.

Although Desdunes does not bother to contend in the alternative that EEOC regulations entitle her to a tolling of the forty-five-day time limit on consulting an EEOC counselor, the Department makes the argument for her and correctly refutes it. EEOC regulations provide that the "time limits in this part are subject to waiver, estoppel and equitable tolling." 29 C.F.R. § 1614.604(c) (1996). Our previous decisions demonstrate, however, that a Title VII plaintiff bears the burden of providing the justification for application of equitable tolling. See Nowlin v. Resolution Trust Corp., 33 F.3d 498, 503 (5th Cir. 1994).

Desdunes, however, has not offered any explanation as to why she failed to file her complaint with the EEOC in the applicable time period. She does not suggest that the EEOC misled her regarding the filing deadline, nor does she claim that the Department failed to provide her with adequate notice of the method by which to file a complaint. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (enumerating types of situations in which a plaintiff could

---

[2] Desdunes does not frame the issue using these terms, but we do indeed review an agency's interpretation of its own regulations under an arbitrary and capricious standard. See Wilson v. Secretary, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir. 1995); see also Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 42 (1983) (defining the arbitrary and capricious standard as narrow and requiring a court to refrain from substituting its own judgment for that of the agency).

demonstrate a right to equitable tolling of a limitations period). Consequently, this court is left to conclude that Desdunes failed to exercise due diligence with respect to the filing of the complaint. In cases where the plaintiff's inaction is directly traceable to her own failure to preserve her legal rights, courts "have generally been much less forgiving in receiving late filings." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); Baldwin County, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); Wilson v. Secretary, Dep't of Veterans Affairs, 65 F.3d 402, 404-05 (5th Cir. 1995).

Even if Desdunes's equitable tolling argument is read as a "continuing violation" argument, that is, that the statute of limitations did not apply to her because her complaint was one of continuing violations, her reasoning is again not sound. The actions of which she complained involved discrete, isolated incidents, not the continuing, frequent, or permanent types of actions that we have previously held would warrant treatment as continuing violations of a plaintiff's rights under Title VII. See Berry v. Board of Supervisors, 715 F.2d 971 (5th Cir. 1983); see also Abrams v. Bailey College of Medicine, 805 F.2d 528, 532 (5th Cir. 1986) (requiring the manifestation of unlawful discrimination "over time" in order to qualify as a "continuing violation").

Finally, Desdunes failed to offer any evidence to show that, even if this complaint had been accepted by the EEOC, she could have proven discrimination, retaliation, or the existence of a hostile work environment.[3] Under the federal sector portion of Title VII, 42 U.S.C. § 2000e-

---

[3] Again, Desdunes misconstrues a decision, in this instance a holding by this court. She cites Long v. Eastfield College, 88 F.3d 300 (5th Cir. 1996), as support for her claim that the Department retaliated against her in response to the protected activity of filing an EEOC complaint. The passage that Desdunes cites from Long, however, simply articulates the *standard* for finding that an employer has retaliated. See 88 F.3d at 304. Indeed, applying the Long test to Desdunes's case only serves to demonstrate that Desdunes has no colorable claim that should have survived summary judgment.

In Long, we held that a "causal link" must exist "between the protected activity and the adverse employment action." Id. The plaintiffs in Long presented sufficient questions of fact regarding the defendant's motivations in terminating them to survive summary judgment, see id. at 306-08; Desdunes on the other hand, while demonstrating that she engaged in the protected activity of filing an EEOC grievance, claims that the adverse employment action directed against her in retaliation was that her career aspirations were hampered by the Department.

Taking Desdunes's assertions in this regard as true, as we must, these facts do not constitute the "causal link" we referenced in Long because even if the Department's reasons for failing to give her the top evaluation score were proscribable, as Desdunes claims, this decision

4

16, a complainant must show that discrimination occurred with respect to a "personnel action." Id. The matters of which Desdunes complained, even the ones to which the EEOC refused to apply equitable tolling principles, did not comprise an adverse "personnel action."

We addressed the subject of covered personnel actions in Dollis v. Rubin, 77 F.3d 777 (5th Cir. 1995). Desdunes's complaints closely track the plaintiff's complaints in Dollis, where we found no adverse personnel action to exist. In Dollis, the plaintiff complained that she was retaliated against because of her involvement in the EEO process; that she was denied a desk audit which restricted her promotional opportunities; that she was denied attendance at a conference; that she was given false information with respect to self-nomination for an award; that her supervisor insisted on approving all of her handwritten work; and that each of these incidents resulted from discrimination based on her race and/or her sex. See Dollis, 77 F.3d at 779-80. Desdunes, similarly, contends that she did not receive the highest level of performance review; that she was retaliated against due to her involvement in the EEO process; that she was forced to take a course in which she performed badly; that she was slandered by her supervisor; and that each of these incidents resulted from discrimination based on her race. It is clearly established, however, that Title VII does not exist "to address every decision made by employers that arguably might have some tangential effect upon [] ultimate [employment] decisions." Id. at 781-82. The instances cited by Desdunes—even assuming that they resulted from discriminatory animus—do not rise to the level of ultimate, adverse employment decisions required by Title VII, see id. at 782, because no employment action was ever taken against her.

We hold that the Department was entitled to judgment as a matter of law on the question of the filing's timeliness and AFFIRM the district court's entry of summary judgment on this point. We also find that the district court appropriately granted summary judgment in favor of the Department

---

could never amount to an adverse employment action. She was not discharged, denied leave, demoted, or reduced in pay. Cf. Dollis v. Rubin, 77 F.3d 777, 782 (5th Cir. 1995) (defining adverse actions); DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591, 597 (5th Cir.), cert. denied, 516 U.S. 974 (1995) (same). In short, Desdunes does not claim, let alone prove, that an ultimate employment decision resulted from the Department's attempt to retaliate against her.

on each of Desdunes' other claims and therefore AFFIRM the judgment of the District Court in all respects.